UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRIAN SWONTEK,** | Civil Action No. 24-0982 (SDW) |
| Petitioner | |
| v. | OPINION |
| **WARDEN THOMPSON, FCI FORT DIX,** | |
| Respondent | |

**WIGENTON**, District Judge:

Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Brian Swontek, a federal prisoner presently detained in FCI Memphis, Tennessee, challenging the Bureau of Prisons's ("BOP") execution of his federal sentence. (ECF No. 1).[1] Respondent Fort Dix Warden Thompson opposes the Petition. (ECF No. 9).

This Court will determine the Petition on the briefs pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, the Petition will be granted.

## I. BACKGROUND

Petitioner was arrested in Virginia on September 28, 2017 on charges of shoplifting, possession with intent to distribute a Schedule I or II Controlled Substance, and transport into the Commonwealth with intent to distribute a Schedule I or II Controlled Substance. (ECF No. 9-1 ¶

---

[1] Petitioner was confined in FCI Fort Dix, New Jersey when he filed the Petition, giving this Court jurisdiction pursuant to 28 U.S.C. § 2241. *See Khalil v. Joyce*, No. 25-cv-01963, __ F. Supp. 3d __, 2025 WL 972959, at *20 (D.N.J. Apr. 1, 2025) ("[A] habeas court that otherwise has jurisdiction over a case does not lose that jurisdiction just because the habeas petitioner has been moved out of the district.")

5).  He received a 5-year suspended term on the shoplifting charge, 15-year suspended term on the possession charge, and a 15-year term of imprisonment with 12 years suspended on the transportation charge.  (*Id.* ¶ 6).  Altogether, this resulted in a 3-year term of imprisonment "ordered to run consecutive to any other term the defendant may be serving.  The court also ordered that Petitioner shall be given credit for time spent in confinement while awaiting trial pursuant to Virginia Code § 53.1-187."  (*Id.*).  Petitioner was transferred to the Virginia Department of Corrections's custody on July 25, 2018.  (*Id.* ¶ 7).

Petitioner was taken into temporary federal custody via a writ of habeas corpus *ad prosequendum* on August 30, 2018.  (*Id.* ¶ 8).  On January 18, 2019, Petitioner pleaded guilty to conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, 21 U.S.C. §§ 841(b)(1)(A), 846, in the United States District Court for the Western District of Virginia.  *United States v. Swontek*, 18-cr-0019 (W.D. Va. Jan. 18, 2019) ("Crim. Case") (ECF No. 66).[2]  The plea agreement contained the following provision: "Pursuant to U.S.S.G. 5G1.3, the United States will recommend that any sentence imposed be run concurrently to the sentences imposed in Washington County Circuit court in Case Nos. CR-18-58; CR-18-59; & CR-18-60, and credit for any served portion of this sentence."  (Crim. Case ECF No. 66 at 4).  On April 30, 2019, Senior Judge James P. Jones, W.D. Va., sentenced Petitioner to a 180-month term of imprisonment.  (ECF No. 9-1 ¶ 9).  The judgment stated the federal sentence was "to run concurrent and retroactive with the sentence imposed in the Washington County, Virginia Circuit Court in

---

[2] This Court takes judicial notice of the public filings in Petitioner's criminal case.

Docket Number CR 18-57 thru 60." (*Id.*) Petitioner returned to Virginia custody on May 2, 2019, and the federal judgment was lodged as a detainer. (*Id.* ¶ 10).

Petitioner was released by Virginia authorities on May 13, 2020. (*Id.* ¶ 11). He was transferred to Arizona state custody on a warrant for probation violation. (*Id.*) He was sentenced in Arizona Superior Court on June 3, 2020 to a term of five years and was given 980 days of jail credit. (*Id.* ¶ 12). On January 10, 2022, Petitioner was paroled and released from the Arizona Department of Corrections and taken into federal custody. (*Id.* ¶ 13).

The BOP calculated Petitioner's federal sentence as starting on the date of sentencing, April 30, 2019. (*Id.* ¶ 14). "Petitioner was awarded 195 days of prior custody credit from September 28, 2017, (the date of his arrest) through April 10, 2018, (the day before the 3-year Virginia term was imposed)." (*Id.* ¶¶ 14-15 (citing *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971); *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993))). It did not include the time between April 11, 2018 (the imposition of the Virginia state sentence) and April 29, 2019 (the day before federal sentencing) because that time was credited towards Petitioner's state sentence. (ECF No. 9 at 9-10). Petitioner's current projected release date is October 19, 2030. Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Apr. 25, 2025).

Petitioner filed a BOP administrative remedy asking for his sentence start date to be recalculated based on Judge Jones's order that his sentence be "concurrent and retroactive with the sentence imposed" by the Virginia court. (ECF No. 1-1 at 12). This request was denied as were his subsequent appeals. (*Id.*) Petitioner filed a motion in his criminal matter asking Judge Jones to clarify Petitioner's sentence. (*Id.* at 19). On May 10, 2023, Judge Jones denied the motion without prejudice, noting that he did "not have authority to change the wording or provide

3

additional language to [the] Judgment entered April 30, 2019." (*Id.*) This Petition followed on February 21, 2024. (ECF No. 1). It was reassigned to this Court on June 21, 2024. (ECF No. 11).

Petitioner asserts that the BOP failed to properly execute his sentence because the BOP did not account for Judge Jones's instruction that Petitioner's sentence be concurrent and retroactive with his Virginia sentence. (*Id.* at 9). Respondent asserts that the sentence was calculated correctly. (ECF No. 9).

## II. DISCUSSION

### A. Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

### B. Analysis

Petitioner argues that the BOP failed to properly carry out his federal sentence when it did not give him credit for the time between April 11, 2018 and April 29, 2019. (ECF No. 1 at 9).[3]

---

[3] This Court lacks jurisdiction under § 2241 to consider Petitioner's argument that the United States violated his plea agreement. (*See* ECF No. 12 at 3).

4

Respondent opposes the Petition, contending that the BOP is statutorily prohibited from crediting Petitioner for time that was previously credited towards another sentence.  (ECF No. 9 at 9-13 (citing 18 U.S.C. § 3585)).  Respondent also submits that Judge Jones did not give Petitioner a U.S.S.G. § 5G1.3(b) adjustment at sentencing.  (*Id.* at 16).  "Although the [District] Court stated that '[t]his sentence shall run concurrently and retroactively with the sentence imposed in the Circuit Court of Washington County, Virginia,' it did not correspondingly adjust Petitioner's sentence in under [sic] U.S.S.G. § 5G1.3(b) to account for a period of imprisonment that will not be credited by the BOP."  (*Id.* (second alteration in original)).

    1. *Sentence Calculation*

"The Attorney General, who acts through the BOP, has the authority to calculate a federal sentence and provide credit for time served."  *Pickett v. Warden McKean FCI*, 726 F. App'x 104, 106 (3d Cir. 2018) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 334-35 (1992)).  "In calculating a sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward that sentence."  *Id.*

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  Here, the BOP has already calculated Petitioner's federal sentence as starting on April 30, 2019, the date of sentencing in federal court.  (ECF No. 9-1 ¶ 14).  "This is the earliest possible date that [Petitioner's] sentence could have commenced because a sentence cannot start earlier than the day it was imposed."  *Howard v. Longley*, 532 F. App'x 116, 117 (3d Cir. 2013) (per curiam) (citing *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)).

5

The BOP's "responsibility includes the calculation of prior custody credit pursuant to 18 U.S.C. § 3585(b). The BOP must give a defendant 'credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences,' as long as that time 'has not been credited against another sentence.'" *Barnes v. Masters*, 733 F. App'x 93, 98 (4th Cir. 2018) (quoting 18 U.S.C. § 3585(b)); *see also United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive double credit for his detention time.") Therefore, § 3585 prohibits the BOP from awarding Petitioner credit for the time he spent in state custody because that time was credited towards his Virginia sentence. Additionally, this Court lacks the authority under § 3585 to order the BOP to award credit for time served because "district courts have no authority to credit time toward a sentence under § 3585(b)—that function rests in the sole authority of the BOP." *Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011) (citing *Wilson*, 503 U.S. at 333-35). Therefore, § 3585 cannot be the grounds for habeas relief.

2. *Guideline Sentence Adjustment*

This Court's analysis does not end with § 3585, however. There is a "clear distinction between a sentencing court's ability to apply the provisions of the Sentencing Guidelines versus the BOP's authority under 18 U.S.C. § 3585(b) to determine whether an inmate is entitled to sentence credits." *Grant v. Thompson*, No. 3:22-cv-0962, 2025 WL 19820, at *3 (M.D. Pa. Jan. 2, 2025). Guideline 5G1.3 "provides the *sentencing court* with the authority to adjust a sentence to account for prior incarceration that the judge believes will not be credited by the BOP. The guideline *does not* provide the BOP with any power or authority to modify an imposed term of imprisonment." *Justo v. Warden*, No. 24-cv-0235, 2024 WL 4542196, at *2 (D.N.J. Oct. 21, 2024)

(emphasis in original). In other words, this Court must determine whether Judge Jones adjusted Petitioner's sentence and if the BOP did not properly carry out that sentence.

Petitioner's state offense was relevant conduct to his federal offense, making § 5G1.3(b) the applicable guideline. (*See* ECF No. 9 at 15). At the time of Petitioner's federal sentencing, § 5G1.3(b) provided:

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b) (2016). "In applying this provision, a sentencing court first calculates the relevant Guidelines range for the instant offense. The court then determines what total prison term would be appropriate. Finally, the court subtracts from that term the amount of time that the defendant has already served on his other, undischarged term to arrive at the actual sentence for the instant offense." *Mehta v. Wigen*, 597 F. App'x 676, 679-80 (3d Cir. 2015) (internal citations omitted). "That sentence is then run concurrent with the undischarged term."[4] *Id.*

---

[4] *See* U.S.S.G. § 5G1.3 cmt. n.2(D) (2016) (providing an example of sentence adjustment where "defendant received a nine-month sentence of imprisonment for the state offense and has served six months on that sentence at the time of sentencing on the instant federal offense. The guideline range applicable to the defendant is 12–18 months … . The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result.")

Petitioner argues Judge Jones intended to impose an adjusted sentence that began at the same time as Petitioner's state sentence and seeks credit for the time between April 11, 2018 and April 29, 2019.[5] This Court agrees that Judge Jones intended to apply § 5G1.3 to Petitioner's federal sentence.[6]

Judge Jones imposed Petitioner's sentence as follows:

> THE COURT: For these reasons, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 180 months. This sentence shall run concurrently *and retroactively* with the sentence imposed in the Circuit Court of Washington County Virginia in Docket No. CR18-57 through 60 for which the defendant received a three-year custody term.

(Crim. Case ECF No. 128 at 22 (emphasis added)). Judge Jones repeated this instruction in the judgment of conviction:

> The defendant is hereby committed to the custody of the Federal Bureau of Prison to be imprisoned for a total term of: One Hundred and Eighty (180) months. This term consists of 180 months on Count 1 to run concurrent *and retroactive* with the sentence imposed in the Washington County, Virginia Circuit Court in Docket Number CR 18-57 thru 60.

(Crim. Case ECF No. 84 at 2 (emphasis added)). The inclusion of "retroactively" and "retroactive" are clear statements that Judge Jones intended Petitioner's federal sentence to include the time already spent in service of Petitioner's state sentence. Otherwise, the phrase "concurrently and retroactively" is redundant; it would have been sufficient to state the federal sentence was to run

---

[5] The BOP has already included the time between Petitioner's arrest, September 28, 2017, and the day before his state sentencing, April 10, 2018, in Petitioner's sentence pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). (ECF No. 9-1 ¶¶ 14-15).

[6] Petitioner relies on a recent decision from this District, *Peeples v. Warden, FCI Fort Dix*, No. 22-4962, 2024 WL 2180280 (D.N.J. May 14, 2024), to support his arguments. This Court finds *Peeples* to be distinguishable but concludes that 5G1.3 still applies for the reasons outlined herein.

concurrently.  *Cf. Duncan v. Walker*, 533 U.S. 167, 174 (2001) (noting that in interpreting statutes, courts are "reluctant to treat statutory terms as surplusage in any setting" (cleaned up)).

Respondent argues that Judge Jones "declined to invoke U.S.S.G. § 5G1.3 in explicit terms" when Petitioner filed a motion for clarification in his criminal case.  (ECF No. 9 at 17).  "Instead, the federal sentencing court simply noted, without amending its own judgment, that Petitioner's Plea Agreement provided that the 'government would recommend to the court that the sentence imposed would run "concurrently to the sentences imposed in Washington County Circuit Court … and credit for any served portion of this sentence."'"  *Id.* (omission in original).  Respondent asserts that if Judge Jones intended a § 5G1.3 departure, he would have so stated.  (*Id.*)

Petitioner's motion begins by asking the sentencing court "for a clarification of official jail time credits for time served."  (Crim. Case ECF No. 108 at 2).  He asserts "[t]he BOP is not understanding the 'retroactive' designation of the [judgment] and needs [the judgment] spelled out to read '180 months to run concurrent and retroactive' with the Washington County, VA sentence … ."  (*Id.*)  "Because the BOP is not honoring this Court's order due to the language used, ('retroactive'), [Petitioner] is respectfully requesting this Court to please clarify/amend his sentence/[judgment] to reflect the original intent of this Court's order … ."  (*Id.*)

Petitioner's motion gives additional context to Judge Jones's decision.  Judge Jones noted that the "Plea Agreement provided that the government would recommend to the court that the sentence imposed would run 'concurrently to the sentences imposed in Washington County Circuit Court … and credit for any served portion of this sentence.'"  (ECF No. 1-1 at 9-10 (omission in original)).  He then stated that "[i]n the Judgment entered by this court, it was provided that this sentence be 'concurrent and retroactive with the sentence imposed in the Washington County Circuit Court.'"  (*Id.* at 10).  From there, it seems that Judge Jones conflated Petitioner's

9

clarification request with his request to have the judgment amended to "spell out" the exact amount of time that should have been credited to Petitioner's sentence. (*See* Crim. Case ECF No. 108 at 2). This interpretation would explain why Judge Jones only stated that he did not have the authority "to change the wording or provide additional language to" the judgment of conviction and did not address Petitioner's clarification request. (ECF No. 1-1 at 10). In other words, Judge Jones thought Petitioner was asking him to include new language in the judgment of conviction, which could not be done. Therefore, he reminded the parties of what had been agreed to in the plea agreement and the corresponding language in the judgment of conviction and left the question of whether the BOP complied with those instructions to a court with § 2241 habeas jurisdiction.

Having reviewed the relevant documents in Petitioner's criminal case and the parties' submissions, this Court is satisfied that Judge Jones intended to apply § 5G1.3 to Petitioner's sentence and that the BOP failed to properly execute the judgment. Accordingly, this Court will grant Petitioner's habeas petition and order the BOP to recalculate Petitioner's projected release date by giving him credit against his 180-month term for the period between April 11, 2018 and April 29, 2019.

### III. CONCLUSION

For the reasons stated above, this Court will grant the Petition. An appropriate order follows.

Date: April 30, 2025

Hon. Susan D. Wigenton
United States District Judge